UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAWRENCE C. PADDOCK, SR. ET AL　　　　　　　　　CIVIL ACTION NO.

VERSUS　　　　　　　　　　　　　　　　　　　　　　13-810-SDD-SCR

JONATHAN L. THURBER and
JAMES K. THURBER

## RULING

This matter is before the Court on the *Motion to Vacate Order on Motion for Default Judgment*[1] filed by Defendant James K. Thurber ("Defendant").[2] Plaintiffs Lawrence C. Paddock, Sr. and Thompson Creek Wealth Advisors, L.L.C. ("Plaintiffs") have filed an *Opposition*[3] to this motion, to which the Defendant filed a *Reply*.[4] For the reasons which follow, the Court finds that the motion should be granted, and the *Default Judgment* should be vacated.

## I.　FACTUAL & PROCEDURAL BACKGROUND

On December 18, 2013, Plaintiffs filed this suit based on an alleged breach of contract by the Defendants. The record reflects that the *Summons* issued to James K.

---

[1] Rec. Doc. No. 15.
[2] No challenge has been made by defaulting co-Defendant, Jonathan L. Thurber.
[3] Rec. Doc. No. 17.
[4] Rec. Doc. No. 18.
29043

Thurber was returned executed on December 23, 2013.[5] After neither Defendant answered or otherwise appeared in this lawsuit, Plaintiffs moved for the Clerk's Entry of Default on January 16, 2014.[6] The Clerk of Court for the Middle District of Louisiana entered default against the Defendants on January 17, 2014.[7] Plaintiffs then moved for a default judgment by the Court on January 23, 2014.[8] On March 20, 2014, the Court held a hearing on this motion and ordered the Plaintiffs to file a brief resolving issues questioned by the Court and to submit a proposed judgment in accordance with the Court's instructions.[9] Plaintiffs complied with this order, and the Court entered a *Default Judgment* against the Defendants on March 31, 2014.[10] More than a year later, on May 19, 2015, Defendant James K. Thurber now moves to vacate the *Default Judgment* on the grounds that Plaintiffs failed to properly serve him under the Louisiana Long-Arm Statute[11] and because the Court allegedly entered judgment prematurely.

## II.   MOTION TO VACATE DEFAULT JUDGMENT

Defendant moves to vacate the *Default Judgment* pursuant to Rule 60(b)(4). In order for a default judgment to be valid, the defaulting defendant must have been properly served, and the Court must enjoy subject matter jurisdiction and personal jurisdiction over the defaulting party.[12] A court can exercise personal jurisdiction over

---

[5] Rec. Doc. No. 3.
[6] Rec. Doc. No. 5.
[7] Rec. Doc. No. 6.
[8] Rec. Doc. No. 7.
[9] Rec. Doc. No. 11.
[10] Rec. Doc. No. 14.
[11] La. R.S. 13:3201, *et seq.*
[12] *See* Fed.R.Civ.P. 55.
29043

non-resident defendants through proper service of process.[13] If service of process is defective, however, a court cannot exercise personal jurisdiction over the defaulting defendant, and any judgment rendered under these conditions is void.[14] Thus, the Court must determine whether the Defendant was properly served with process.

## III.    SERVICE OF PROCESS

Service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant.[15] Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service of process to be made within any judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Section 3205 of the Long-Arm Statute provides as follows:

> No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit of the individual who either:
>
> (1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or
> (2) Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the

---

[13] *Haper Macleod Solicitors v. Keaty & Keaty,* 260 F.3d 389, 393 (5th Cir. 2001), citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir.1988).
[14] *See* Fed.R.Civ.P. 60(b)(4); *Jenkens & Gilchrist v. Grois & Co.*, 542 F.3d 114, 118 (5th Cir. 2008); *Haper Macleod*, 260 F.3d 389 (5th Cir. 2001),citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind,* 841 F.2d 646, 649 (5th Cir.1988).
[15] *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 941–42 (5th Cir.1999).
29043

>    commercial courier, the date, and address at which the process was delivered to the defendant, to which shall be attached the commercial courier's confirmation of delivery; or
> (3) Actually delivered the process to the defendant, showing the date, place, and manner of delivery.

Defendant contends that service by Cindy Plaisance[16] was ineffective because the papers were not delivered to him, and at the time, he did not reside at 15W336 Fillmore St., Elmhurst, IL 60126 as set forth on the Federal Express envelope. Defendant claims that he was living at 1429 Warren Place, Lafayette, Indiana, 47905 on December 20, 2013, the alleged date of delivery. Moreover, Defendant alleges that the Federal Express package delivered to the Fillmore St. address on December 20, 2013 was signed for by Kristy L. Thurber, Defendant's daughter-in-law.

Because La. R.S. 13:3204 requires the citation and complaint to be "actually delivered to the defendant by commercial courier," Defendant contends that delivery to his daughter-in-law was not proper service under the law. Defendant maintains that he never received service of the citation and complaint and that the Federal Express delivery was never made to his domicile. Accordingly, Defendant contends this Court lacked personal jurisdiction over him when it issued the *Default Judgment*.

Defendant also challenges the *Default Judgment* on the grounds that Plaintiffs did not file an affidavit of service into the record as required by La. R.S. 13:3205; rather, Plaintiffs filed a "return of service" by server Cindy Plaisance. Defendant notes that this document was not notarized or sworn to as required by Louisiana law.

---

[16] *See* Rec. Doc. No. 3.
29043

While Plaintiffs acknowledge that they "do not have evidence to refute that Kristy Thurber signed for the federal express rather than Jonathan K. Thurber,"[17] Plaintiffs question why Kristy Thurber signed for the federal express package not addressed to her and claim that James K. Thurber does not deny that the complaint and citation were eventually actually delivered to him.  Plaintiffs further contend that the language "actually delivered to the defendant by commercial courier" does not equate to personal service set forth under La. R.S. 13:3204,[18] which requires the server to physically place the papers in the hands of the defendant.  Plaintiffs argue that La. R.S. 13:3204 should be interpreted to mean that proper service is effectuated if the citation and complaint are actually delivered to the defendant after a commercial courier delivers same to a person who accepts such delivery addressed to the defendant.  Plaintiffs submit that this interpretation is consistent with Louisiana courts that have interpreted service by certified mail under La. R.S. 13:3204 to require only that a plaintiff establish that the certified mail was sent to defendant at his last known address.

The Court is guided by the 2010 decision of this Court in *Dykes v. Maverick Motion Picture Group, L.L.C.*[19]  In *Dykes*, the plaintiffs had filed affidavits of service for the various named defendants.  The Clerk of Court issued an entry of default as to various defendants, including defendants Ironstar and Tara Pirnia, Ironstar's agent.  The plaintiffs attempted service on Ironstar and Pirnia by use of commercial courier Federal Express; "therefore, plaintiffs [were] required to obtain actual delivery of service, verified

---

[17] Rec. Doc. No. 17, p. 2.
[18] The Court presumes Plaintiffs' repeated reference to La. R.S. 13:4204 (Rec. Doc. No. 17, p. 2) is a typographical error as La. R.S. 13:3204 applies to the facts of this case.
[19] No. 08-536-RET-DLD, 2010 WL 2985553 (M.D. La. May 11, 2010).
29043

through a 'signed receipt from the addressee, or the addressee' agent, of the letter or parcel upon delivery' and the affidavit of service must show the 'address at which process was delivered to the defendant.'"[20] The plaintiffs had requested service on Ironstar through its registered agent Tara Pirnia and on Tara Pirnia individually at her address in New York City. The Court found several problems with the service of these defendants, as set forth below:

> There are several problems with the service of process that was effected on Ironstar and Pirnia. One, the affidavits filed by plaintiffs' counsel do not reflect the "address at which process was delivered to the defendant," as required by La. R.S. 13:3205(2). Two, the Federal Express receipts attached to the return of summons do not reflect the address at which the process was delivered to the defendants. Three, the Federal Express receipts reflect that service was accepted by a "J. JAHOVIC," not Tara Pirnia, and plaintiffs have failed to introduce evidence proving that "J. JAHOVIC" is the "addressee's agent," as required by La. R.S. 13:3204 (rec. docs. 23 and 24). The evidence in the record does not prove that service was "actually delivered" to Ironstar, through its agent for service of process, or to Tara Pirnia, individually. Thus, the court cannot grant the motion for default judgment as to these defendants.[21]

Similar service problems are also present in the case before the Court. First, Plaintiffs concede that there is no evidence that the citation and complaint were "actually delivered" to the Defendant by Federal Express. There is likewise no evidence that Kristy Thurber was James K. Thurber's agent. Second, as Defendant argues, this delivery must be effected by the commercial courier and not a third party subsequent to commercial courier delivery. Third, the delivery was not made at the Defendant's address. Finally, Defendant attests in his *Affidavit* that he never received service of this

---

[20] *Id.* at *2, quoting La. R.S. 13:3204, 13:3205.
[21] *Id.*
29043

lawsuit by Federal Express or by any other means.[22]

Default judgments are "generally disfavored in the law,"[23] and are considered "a drastic remedy, not favored by the Federal Rules."[24] Further, considering that, "[w]hen a defendant questions the validity of service of process, 'the plaintiff bears the burden of establishing its validity,'"[25] the Court must grant the Defendant's *Motion* and vacate the *Default Judgment* in this case.

However, the Court must note that the preliminary default entered by the Clerk of Court and the *Default Judgment* entered by the Court were not procedurally deficient as Defendant claims. While Rule 4 of the Federal Rules of Civil Procedure required that the Defendants in this case be served under the manner proscribed by the Louisiana Long-Arm Statute, Rule 55 of the Federal Rules of Civil Procedure governs the manner for obtaining a default judgment in federal court, and Rule 55 was followed by the Court. In a diversity jurisdiction case such as this, the Court applies state substantive law, but applies federal procedural law.[26] The record before the Court establishes that neither the clerk's entry of default nor the Court's *Default Judgment* were premature under Rule 55. Nonetheless, as set forth above, the Court lacked personal jurisdiction over this Defendant, and his motion shall be granted accordingly.

---

[22] Rec. Doc. No. 15-3.
[23] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)(quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).
[24] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[25] *Richard v. City of Port Barre*, No. 14-cv-02427, 2015 WL 566896 (W.D. La. Jan. 20, 2015)(quoting *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d at 1346; *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir.1980)).
[26] *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 775 F.3d 242, 248 (5th Cir. 2014).
29043

Therefore, the *Motion to Vacate Order on Motion for Default Judgment*[27] filed by Defendant James K. Thurber is GRANTED. The Clerk's *Entry of Default*[28] dated January 16, 2014 and the *Final Judgment granting Motion for Default Judgment*[29] are hereby VACATED as to James K. Thurber. Plaintiffs shall have sixty (60) days to serve Defendant James K. Thurber.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>October 27, 2015</u>.

*Shelly D. Dick*
_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. No. 15.
[28] Rec. Doc. No. 6.
[29] Rec. Doc. No. 14.
29043